IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOMO K. WYATT, : | |
| : | |
| Plaintiff, : | |
| : | No. 5:24-CV-403 (CAR) |
| v. : | |
| : | |
| UNITED STATES DEPARTMENT OF : | |
| VETERANS AFFAIRS and DUBLIN : | |
| VAMC, : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND
ALLOWING ADDITIONAL TIME FOR PLAINTIFF TO PERFECT SERVICE**

Currently before the Court is *pro se* Plaintiff Jomo K. Wyatt's Motion for Default Judgment. In his Motion, Plaintiff asserts that he served Defendant United States Department of Veteran Affairs on January 24, 2025, by certified mail to the Tort Law Group at 810 Vermont Ave., N.W., Washington, DC 20420,[1] and he served Dublin Veteran Affairs Medical Center ("Dublin VAMC") on February 13, 2015, by process server to 1826 Veterans Blvd., Dublin, GA 31021.[2]  But because Plaintiff has not served the United States Attorney for the Middle District of Georgia or the Attorney General of

---

[1] [Doc. 6].
[2] [Doc. 7].

1

the United States, Plaintiff's service fails to comply with Federal Rule of Civil Procedure 4. Thus, Plaintiff's Motion [Doc. 10] is **DENIED**.

The Federal Rules of Civil Procedure provide how to perfect service on the United States. Rule 4 provides:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> **(1) United States.** To serve the United States a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;
>
> …
>
> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States <u>and also</u> send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.[3]

---

[3] Fed. R. Civ. P. 4 (emphasis added).

Thus, to properly serve the United States Department of Veterans Affairs, Plaintiff must satisfy all applicable prongs of Rule 4(i)(1) and (2). It appears Plaintiff has only served the agency under Rule 4(i)(2); he has not shown he has satisfied Rule 4(i)(1)(A) and (B) by serving the United States Attorney's Office for the Middle District of Georgia and the Attorney General of the United States. "A plaintiff serving the United States or its agencies must deliver a copy of the summons and complaint to <u>both</u> the United States Attorney for the district in which the action is brought <u>and</u> to the Attorney General of the United States."[4]

The Federal Rules of Civil Procedure provide that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice … or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[5]

"A plaintiff can show good cause by indicating that 'some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.' If a plaintiff fails to show good cause, the Court still must 'consider whether any other circumstances warrant an extension of time based on the facts of the case.' After

---

[4] *Boston v. Potter*, 185 F. App'x 853, 853-54 (11th Cir. 2006).
[5] Fed. R. Civ. P. 4(m).

considering other circumstances, the Court may exercise its discretion to either dismiss the case or expand the time for service to be made."[6]

Plaintiff's failure to perfect service appears to be a genuine misunderstanding of the Rules and not improper delay or bad faith. Thus, the Court will extend the time of service. The Court **DIRECTS** Plaintiff to perfect service on the United States by sending one copy of the summons and Complaint personally or by certified or registered mail to the United States Attorney for the Middle District of Georgia, and by certified or registered mail to the Attorney General of the United States addressed as follows:

> United States Attorney
> Middle District of Georgia
> ATTN: Civil Process Clerk
> 300 Mulberry Street, Suite 400
> Macon, Georgia 31202-1702
>
> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

Plaintiff must submit proof of service to the Court <u>within 30 days of the date of this Order</u>. If Plaintiff fails to perfect service, this action may be dismissed.

**SO ORDERED,** this 29th day of April, 2025.

S/ C. Ashley Royal_____<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

---

[6] *Mathis v. CSX Transportation*, Case No. 3:20-cv-528-MMH-JRK, 2021 WL 2661003, at * (M.D. Fla. June 29, 2021), *aff'd*, No. 21-12527, 2022 WL 414395 (11th Cir. Feb. 11, 2022) (internal citations omitted) (quoting *Depone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).