IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOMO K. WYATT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:24-CV-403 (CAR) |
| v. | : | |
| | : | |
| DUBLIN VAMC and DEPARTMENT | : | |
| OF VETERANS AFFAIRS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER ON UNITED STATES OF AMERICA'S MOTION TO DISMISS DEFENDANTS DUBLIN VAMC and DEPARTMENT OF VETERANS AFFAIRS

Currently before the Court is the United States of America's Motion to Dismiss Plaintiff's Complaint. For the following reasons, Defendant's Motion to Dismiss [Doc. 23] is **GRANTED**. Plaintiff's Complaint against Defendants Dublin VAMC and the Department of Veteran's Affairs is **DISMISSED**. Plaintiff is hereby **DIRECTED** to file an Amended Complaint naming the United States of America as the proper Defendant in this case within fourteen (14) days of the date of this Order. **Failure to file an Amended Complaint within fourteen (14) days of the date of this Order will result in the dismissal of this action without prejudice.**

1

Plaintiff has filed several documents titled "Statement of Claim" and "Amended Statement of Claim"[1] in which he appears to attempt to amend his Complaint. Plaintiff must include all allegations in the Amended Complaint. Upon the filing of the Amended Complaint, Plaintiff's claims will proceed against the proper Defendant in this action, the United States of America.

Plaintiff's pending Motion for Extension of Time to Perfect Service [Doc. 26] is **MOOT**, and his Motion for Extension of Time to Comply with the Court's Scheduling Deadlines and to Permit Entry of an Independent Medical Exam into the Record [Doc. 27] is **DENIED as unnecessary**, as no Scheduling and Discovery Order has been yet entered in this case.

## BACKGROUND

Plaintiff Jomo K. Wyatt, a veteran of the United States Army, filed his *pro se* Complaint against Dublin VAMC and the Department of Veterans Affairs raising medical negligence claims.[2] Plaintiff alleges the Dublin VAMC failed to provide necessary follow-up care after two knee surgeries in 2021 and failed to provide testing which would have shown his prosthesis was loose, causing Plaintiff to suffer severe pain.[3] He seeks $200,000.00 in money damages.

---

[1] Docs. 21, 28-1, and 33.
[2] Compl. [Doc. 1].
[3] *Id.* at pp. 5 and 7.

2

Plaintiff appears to have filed an administrative tort claim with the U.S. Department of Veterans Affairs. He attached a letter dated May 10, 2024, from the U.S. Department of Veterans Affairs, Office of General Counsel, informing him of the denial of his claims and his right to sue.[4] He filed his Complaint on November 8, 2024.

Plaintiff has also filed two "Statement of Claim" documents[5] and an "Amended and Expanded Statement of Claim"[6] appearing to seek amendments to his Complaint, but Plaintiff has filed to no motion to amend his Complaint.

## LEGAL STANDARD

The United States seeks dismissal under Fed. R. Civ. P. 12(b)(6) and 12(b)(1). To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's

---

[4] Doc. 1-1.
[5] Docs. 21 and 28-1.
[6] Doc. 33.
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[8] *Id.*

claims.[9] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[10]

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually.[11] Here, the United States attacks jurisdiction facially. "A 'facial attack' on the complaint 'requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."[12]

## ANALYSIS

Plaintiff's claims are based on the alleged medical malpractice of doctors at the VA, so they must be brought against the United States under the Federal Tort Claims Act (FTCA). "Veterans injured by the negligence of the VA's medical professionals and their supporting personnel can bring suit against the United States in federal district court for medical negligence under the FTCA, 28 U.S.C. § 1346(b)(1)."[13] The FTCA provides, in relevant part, that district courts "shall have exclusive jurisdiction of civil actions on claims against the United States for money damages … for … personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government"

---

[9] *Bell Atl. Corp.*, 550 U.S. at 556.
[10] *Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002) (per curiam).
[11] *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2003).
[12] *McElmurray v. Consolidated Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (internal quotation marks and citation omitted).
[13] *Smith v. United States*, 7 F.4th 963, 973 (11h Cir. 2021) (citations omitted).

under certain circumstances.[14] "Further, as to tort claims related to negligence by VA personnel specifically, § 7316(a)(1) of Title 38 provides that the FTCA will provide the remedy for 'damages or personal injury, including death, allegedly arising from malpractice or negligence of a health care employee of the [VA] in furnishing health care treatment,' a remedy that is 'exclusive of any other civil action or proceeding by reason of the same subject matter.'"[15] It is beyond dispute that "the United States [is] the only proper defendant pursuant to the FTCA."[16]

Here, Plaintiff has improperly alleged his negligence claims against the Dublin VAMC and the Department of Veterans Affairs. Because Plaintiff has invoked the FTCA, and because the FTCA authorizes suit only against the United States, the Court lacks jurisdiction over Plaintiff's Complaint, and Plaintiff fails to state a claim upon which relief may be granted.

## CONCLUSION

The United States of America's Motion to Dismiss [Doc. 23] is **GRANTED**. Plaintiff's Complaint against Defendants Dublin VAMC and the Department of Veteran's Affairs is **DISMISSED**. Plaintiff is hereby **DIRECTED** to file an Amended Complaint naming the United States of America as the proper Defendant in this case within fourteen

---

[14] 28 U.S.C. § 1346(b)(1).
[15] *Smith* at 973 (quoting 38 U.S.C. § 7316(a)(1)).
[16] *Daniel v. United States Marshal Serv.*, 188 F. App'x 954, 956 (11th Cir. 2006).

(14) days of the date of this Order. Plaintiff must include <u>all allegations</u> in the Amended Complaint. Upon the filing of the Amended Complaint, Plaintiff's claims will proceed against the proper Defendant in this action, the United States of America.

**Failure to file an Amended Complaint within fourteen (14) days of the date of this Order will result in the dismissal of this action without prejudice.**

Plaintiff's pending Motion for Extension of Time to Perfect Service [Doc. 26] is **MOOT**, and his Motion for Extension of Time to Comply with the Court's Scheduling Deadlines and to Permit Entry of an Independent Medical Exam into the Record [Doc. 27] is **DENIED as unnecessary**, as no Scheduling and Discovery Order has been yet entered in this case.

**SO ORDERED**, this 9th day of January, 2026.

S/ C. Ashley Royal_____<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT